PER CURIAM.
This matter is before the Court on Petition for Approval of Conditional Guilty Plea and Entry of Final Order of Discipline.
On February 24, 1978, The Florida Bar filed its Petition alleging:
“1. On May 2, 1977, counsel for The Florida Bar filed a complaint charging respondent with violating Disciplinary Rules 1 — 102(A)(5), 7-102(A)(7) and 7-102(B)(1) of the Code of Professional Responsibility of The Florida Bar.
“2. On January 9, 1978, respondent executed a conditional guilty plea in which he admitted violating Disciplinary Rules 1 — 102(A)(5), 7-102(A)(7) and 7-102(B)(1) in that he was retained to prepare deeds for property purchased pursuant to a contract for deed, and relying on records which he knew to be inaccurate and incomplete, respondent prepared erroneous deeds for the grantee. When the errors were brought to respondent’s attention, he failed to take any meaningful action to remedy the improper conveyances. Respondent further violated Disciplinary Rule 1 — 102(A)(5), 7-102(A)(7) and 7-102(B)(l) in that he issued instruments entitled ‘Certificate of Insured Title’ for issuance by his client when respondent knew that no insurance or escrow funds existed pursuant to the certif *421 icates, and that the instruments were valueless.”
The Petition for Approval of Conditional Guilty Plea is granted, and Respondent, Bruce J. Daniels, is hereby disciplined by public reprimand to be published in the Southern Reporter based upon the facts set forth above. The publication of this Opinion shall serve as the public reprimand to Respondent.
Costs in the amount of $348.50 are hereby taxed against the Respondent.
It is so ordered.
ENGLAND, C. J., and ADKINS, BOYD, OVERTON and SUNDBERG, JJ., concur.
HATCHETT, J., dissents with an opinion.